**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Elic L. GILLIAM, Defendant–Appellant.**

**No. 94–35290.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 1996.[*]

Decided March 5, 1996.

---

[*] The panel unanimously finds this case suitable for submission without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

Elic Lee Gilliam, Pendleton, Oregon, pro se.

Riley J. Atkins, Assistant United States Attorney, Portland, Oregon, for plaintiff-appellee.

Before: NOONAN, LEAVY, and HAWKINS, Circuit Judges.

28 U.S.C. § 3202(b) provides:

On the commencement by the United States of an action or proceeding under this subchapter to obtain a remedy, the counsel for the United States shall prepare, and clerk of the court shall issue, a notice in substantially the following form:

"NOTICE

"You are hereby notified that this [property] is being taken by the United States Government, . . .

"In addition, you are hereby notified that there are exemptions under the law which may protect some of this property from being taken by the United States Government if [name of judgment debtor] can show that the exemptions apply. Below is a summary of the major exemptions which apply in most situations in the State of [State where property is located]:

"[A] statement summarizing in plain and understandable English the election available with respect to such State under section 3014 and the types of property that may be exempted under each of the alternatives specified in paragraphs (1) and (2) of section 3014(a) and a statement that different property may be so exempted with respect to the State in which the debtor resides. . . ." 28 U.S.C. § 3202(b).

This court determines that Elic L. Gilliam did not receive the proper notice under 28 U.S.C. § 3202(b) to apprise him of his rights to exempt some of his personal property from the writ of execution. In particular, Gilliam's notice listed only some exemptions under Virginia state law, none under Oregon law, and none under federal law pursuant to 28 U.S.C. § 3014(a), which exempts, in relevant part, property as specified in 11 U.S.C. § 522(d). Under this provision, Gilliam may have a claim that at least some of his interest in one motor vehicle and in some of his farm equipment are exempt. Because Gilliam was not provided notice of this federal exemption or any relevant exemptions under Oregon law, as required by 28 U.S.C. § 3202(b), we **REMAND** to the district court for the proper notice to be sent to Gilliam and for a hearing to be held if Gilliam applies therefor under 28 U.S.C. § 3014(b)(2).